OPINION *Page 2 
{¶ 1} Appellant Jerry London challenges his felony prison sentence on the basis of Blakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531,159 L.Ed.2d 403. Appellant contends that the statutory sentencing factors found in R.C. § 2929.11 et seq. violate his Sixth Amendment right to a jury trial because the trial court, rather than the jury, made findings that were the basis of his sentence. A few months after Appellant was sentenced, the Ohio Supreme Court released State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. Foster held that certain aspects of Ohio's felony sentencing scheme were unconstitutional. Appellee agrees that Appellant was sentenced pursuant to the statutory sentencing factors found to be unconstitutional inFoster, and that the case should be remanded for resentencing. It is clear from the record that the trial court did rely on unconstitutional sentencing factors, and therefore, the judgment entry regarding sentencing in the Mahoning County Court of Common Pleas is hereby vacated, and the case remanded for resentencing pursuant toFoster.
 {¶ 2} Appellant was indicted on August 19, 2004, on one count of rape, a first degree felony pursuant to R.C. § 2907.01 (A)(2). Appellant was sixteen years old at the time of the crime, and was in the Mahoning County Juvenile Justice Center detention facility when the crime occurred.
 {¶ 3} Appellant eventually entered a negotiated plea of guilty to one count of rape. There was no joint recommendation as to punishment. At the October 5, 2005, sentencing hearing, the state recommended a five-year prison term. Appellant argued that he should receive only the minimum sentence due to the *Page 3 
unconstitutionality of Ohio's felony sentencing scheme. On October 11, 2005, the trial court sentenced Appellant to seven years in prison, with credit given for 586 days already served. The court based its sentence on the factors found in R.C. § 2929.11 et seq. The trial court specifically found that a single prison term would demean the seriousness of the offense and would not adequately protect the public. Appellant filed this timely appeal on October 27, 2005.
 {¶ 4} In Appellant's sole assignment of error he asserts:
 {¶ 5} "The current Ohio statutory sentencing provisions violate the Defendant's Sixth Amendment right to a jury trial and the United States Supreme Court's recent decision in Blakely v. Washington, and therefore the trial court erred in sentencing the Defendant to a term of incarceration greater than the minimum sentence under the sentencing guidelines."
 {¶ 6} While this appeal was pending, the Ohio Supreme Court releasedFoster, which held that the felony sentencing provisions of the Ohio Revised Code relating to nonminimum (R.C. § 2929.14(B)), maximum (R.C. § 2929.14(C)), and consecutive sentences (R.C. § 2929.14(E)(4)) are unconstitutional because they require a judicial finding of facts not proven to a jury. Foster, 109 Ohio St.3d 1, 2006-Ohio-856,845 N.E.2d 470, paragraphs one and three of the syllabus. (Apprendi v. NewJersey (2000), 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435;Blakely, supra, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403; andUnited States v. Booker (2005), 543 U.S. 220, 125 S.Ct. 738,160 L.Ed.2d 621, followed.) The reason these statutory provisions are unconstitutional is because the Sixth Amendment of the *Page 4 
United States Constitution, made applicable to the states through theFourteenth Amendment, guarantees the right to a trial by jury, which includes the requirement that a jury, rather than the judge who is imposing the sentence, make all factual findings essential to impose punishment for the crimes that form the basis of the conviction. Foster at ¶ 3.
 {¶ 7} Appellee has conceded that there is reversible error in this case. Since Appellant was sentenced to a nonminimum sentence under statutes found to be unconstitutional by the Ohio Supreme Court, and because his direct appeal was pending when Foster was released, we hereby vacate the sentence and remand this case to the trial court for further proceedings consistent with Foster.
 Donofrio, J., concurs. DeGenaro, P.J., concurs. *Page 1